IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| G. W. ARU, LLC, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. JKB-22-2636 |
| W. R. GRACE & CO.-CONN., | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Interim Sealing Motion. (ECF No. 43.) Plaintiffs seek an order sealing: (1) its Memorandum in Support of Motion for a Preliminary Injunction Against False Advertising; (2) the Declaration of Guido W. Aru; and (3) Exhibits 1 through 88 to that Declaration. (*Id.*) In support of the Motion, Plaintiffs explain that the documents they seek to seal "contain information or references to information and documents that have been designated CONFIDENTIAL under the Confidentiality Order by the parties." (*Id.*) Plaintiffs further explain that "there is no alternative to sealing that would comply with the Confidentiality Order." (*Id.*) The Motion will be denied without prejudice.

The deadline for opposing the Motion has not yet passed. However, regardless of Defendant's position, the Court has an obligation to assess the Motion's propriety. *See Solomon v. Kess-Lewis*, Civ. No. PWG-13-1952, 2013 WL 4760982, at *1 (D. Md. Sept. 3, 2013) ("The motion [to seal] is unopposed, but that does not dispense of this Court's obligation to conduct a review under Local Rule 105.11.").

"[T]here is a presumption of access accorded to judicial records" that can only be rebutted if "countervailing interests heavily outweigh the public interests in access." *Rushford v. New*

1

*Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "The public's right of access to judicial records and documents may be abrogated only in unusual circumstances." *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988); *see also Rushford*, 846 F.2d at 253 ("The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.") Further, Local Rule 105.11 provides that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

Here, Plaintiffs seek that the Court seal the entirety of several documents due to the existence of a confidentiality order. The existence of a confidentiality order may merit sealing portions of the documents, or indeed perhaps sealing the documents in their entirety. However, Plaintiffs' request that the Court seal the entirety of the documents is overbroad, and Plaintiffs do not explain why an alternative, such as redacting portions of the documents, does not provide sufficient protection.

Accordingly, it is ORDERED that:

1. Plaintiffs' Interim Motion to Seal (ECF No. 43) is DENIED WITHOUT PREJUDICE; and

2. On or before May 29, 2023, Plaintiffs shall submit a detailed, renewed motion, together with supporting authority, or they shall withdraw the relevant documents and submit new versions containing proposed sealed redactions, together with authority therefore. Should Plaintiffs not act by May 29, 2023, the documents will be unsealed.

DATED this __17__ day of May, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge
