IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| G. W. ARU, LLC, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. JKB-22-2636 |
| W. R. GRACE & CO.-CONN., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

On May 12, 2023, Plaintiffs G. W. Aru, LLC (GWA) and Cochise Technology, LLC filed a Motion for a Preliminary Injunction, seeking to enjoin Defendant W. R. Grace & Co.-Conn. (Grace) from making certain allegedly false statements in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). (ECF No. 41.) Plaintiffs concurrently filed an Interim Sealing Motion, which asked the Court to seal their Memorandum in support of the Motion for a Preliminary Injunction, the Declaration of GWA founder and CEO Guido W. Aru (Aru Declaration) and all 88 exhibits to that Declaration. (ECF No. 43.) The Court denied that Motion without prejudice on May 17, holding that Plaintiffs' request was "overbroad." (ECF No. 45.)

Now pending before the Court are the following four Motions to Seal:[1]

- Plaintiffs and Defendant have filed a Joint Renewed Motion to Seal. (ECF No. 52.) The Joint Motion asks the Court to redact certain portions of GWA's Memorandum in Support of its Motion for a Preliminary Injunction (ECF No. 42), the Aru Declaration (ECF No. 42-1), and certain exhibits to that Declaration (ECF Nos. 42-2–88).

---

[1] A fifth Motion to Seal, (ECF No. 75), is not yet ripe, as it was filed on August 18 and the Local Rules require at least 14 days for interested parties to object before the Court may rule. *See* Local Rule 105.11 (D. Md. 2023).

- Defendant's first Interim Motion (ECF No. 56) asks the Court to seal Defendant's Motion to Strike the Aru Declaration. (ECF. No. 55.)

- Defendant's second Interim Motion (ECF No. 58) asks the Court to seal Defendant's Opposition to GWA's Motion for a Preliminary Injunction, (ECF No. 57), and certain accompanying exhibits.

- Plaintiffs' Interim Motion (ECF No. 63) asks the Court to seal GWA's Memorandum in Opposition to Defendant's Motion to Strike the Aru Declaration, (ECF No. 62), and Exhibit D to the Hansen Declaration. (ECF No. 62-2.)

For the reasons stated below, the Court will GRANT IN PART and DENY IN PART without prejudice the Joint Renewed Motion to Seal (ECF No. 52), and provisionally GRANT the three pending Interim Motions to Seal. (ECF Nos. 56, 58, 63).

## I. LEGAL STANDARD

> To seal a document, the district court must (1) give the public adequate notice of a request to seal and a reasonable opportunity to challenge it, (2) consider less drastic alternatives to sealing, and (3) if it decides to seal, state the reasons, supported by specific findings, behind its decision and the reasons for rejecting alternatives to sealing.

*Gonzalez v. Cuccinelli*, 985 F.3d 357, 376 (4th Cir. 2021). Further, Local Rule 105.11 provides that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Local Rule 105.11 (D. Md. 2023).

As the Court noted in its earlier Order, the Court has an independent obligation to assess the propriety of a motion to seal even when the parties agree on the redactions. (ECF No. 45 (citing *Solomon v. Kess-Lewis*, Civ. No. PWG-13-1952, 2013 WL 4760982, at *1 (D. Md. Sept.

3, 2013)).) When presented with a motion to seal, the Court must weigh the parties' interest in confidentiality against the public's right to access judicial records. The public right of access is grounded in both common law and the First Amendment to the United States Constitution. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). The First Amendment right attaches "only to particular judicial records and documents," including motions for summary judgment and certain criminal proceedings. *Id.* at 265–66. When the First Amendment applies, the Court may seal documents only "if (1) closure serves a compelling interest; (2) there is a 'substantial probability' that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest." *Gonzalez*, 985 F.3d at 377 (quoting *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir.1986)). The common law right of access, by contrast, provides less "substantial protection" but applies to *all* judicial records and documents. *Pub. Citizen*, 749 F.3d at 265. The common law right can be rebutted by countervailing interests that "heavily outweigh" the public's right to access. *Id.* at 266 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). In evaluating a motion to seal, the Court must "first determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (quoting *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004)).

The Fourth Circuit has not definitively ruled on whether First Amendment protections attach to documents related to a preliminary injunction motion, but several district courts within this Circuit have applied the First Amendment right at this stage. *See, e.g., Baxley v. Jividen*, Civ. No. 3:18-1526, 2020 WL 1958632, at *3 (S.D. W. Va. Apr. 23, 2020); *Fleet Feet, Inc. v. Nike, Inc.*, Civ. No 1:19-885, 2019 WL 13143444, at *1 (M.D.N.C. Dec. 6, 2019); *Bayer Cropscience, Inc. v. Syngenta Crop Protection, LLC*, 979 F. Supp. 2d 653, 656 (M.D.N.C. 2013). A preliminary

3

injunction is an extraordinary remedy, the granting of which necessarily requires the Court to consider the public interests at stake. *Winter v. Nat. Res. Def. Coun., Inc.*, 555 U.S. 7, 24 (2008). Additionally, the issuance of a preliminary injunction may have practical effects that are comparable to—if not in some instances more consequential than—the granting of summary judgment, a posture at which the First Amendment right unquestionably attaches. *See Rushford*, 846 F.3d at 253. These considerations all counsel in favor of finding a First Amendment right of access to documents filed in connection with a motion for preliminary injunction. Thus, the Court will apply the First Amendment test to the pending sealing motions.

A company's interest in protecting confidential information and trade secrets "may justify partial sealing of court records" under the First Amendment. *Pub. Citizen*, 749 F.3d at 269. However, even under the "less-demanding common law standard" the Court cannot grant a motion to seal on a firm's "bare allegation of reputational harm." *Id.* When, as here, the parties move to seal documents because they contain confidential business information, the parties must "explicitly identify information akin to trade secrets, and describe how its release will result in an unfair commercial disadvantage." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 123 (D. Md. 2009). "A party cannot simply assert a fear of embarrassment or potential harm without detailing how specific disclosures will result in specific injuries." *Smith v. Westminster Management, LLC*, No. JKB-17-3282, 2018 WL 572867, at *4 (D. Md. Jan. 26, 2018) (citing *Virginia Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)).

## II.     THE JOINT MOTION TO SEAL

As referenced above, in response to the Court's Order (ECF No. 45) denying their earlier Interim Sealing Motion, Plaintiffs joined with Defendant to file a Joint Renewed Motion to Seal, accompanied by nearly 500 pages of partially redacted exhibits. (ECF No. 52.) The Joint Renewed

4

Motion includes some redactions that all parties agree on, and many redactions about which the parties disagree. The Joint Renewed Motion is an improvement, but ultimately it mostly misses the mark.

### A. Plaintiffs' Proposed Redactions

Both parties have moved to redact certain statements relating to the prices of their products. Plaintiffs support their redactions with a declaration by Guido W. Aru, the founder and CEO of GWA. Aru states that suppliers in the industry do not publish their pricing information and uniformly view this information as confidential. (ECF No. 52-1 at 1.) Aru states that disclosure of pricing "would cause significant harm to GWA as it would reveal to GWA's competitors its pricing and identify opportunities for those competitors to target GWA's accounts." (*Id.*) Aru makes a similar argument with respect to disclosure of the product cost information. (*Id.* at 2.)

The Court finds that the factual representations in the Aru Declaration show the compelling need for Plaintiffs to preserve confidential pricing data, which is the kind of information that is protected even under the First Amendment. *See Dorsey v. TFT Consulting*, LLC, 888 F. Supp. 2d 670, 690 (D. Md. 2012). The Court further finds that there is no less-restrictive alternative to redaction to protect this information; indeed, the narrow redactions sought by Plaintiffs are substantially less restrictive than the wholesale sealing it had earlier sought. Additionally, no third party has intervened to oppose sealing after notice and a reasonable opportunity to do so.

Accordingly, the Court will GRANT IN PART the Joint Motion to Seal, with reference to the redactions listed in the table at ECF No. 52 at 5.

### B. Defendants' Proposed Redactions

Defendant seeks to seal a much broader range of statements, covering—in addition to its confidential pricing information—topics such as technical specifications of its products,

5

communications with clients, and internal business strategies. Defendant justifies its redaction by claiming that the documents contain "confidential business information, the public disclosure of which could cause competitive harm to Grace." (ECF No. 52 at 8.) The rest of Defendant's Statement on Proposed Sealed Redactions focuses on showing that the documents it proposes to redact were not publicly disseminated. (*Id.* at 8– 9.) However, Defendant fails to clearly explain why disclosure of the information it seeks to redact would harm it. Instead, Defendant has provided the kind of conclusory statements that cannot suffice to justify a court order sealing all or part of a document. *See Pub. Citizen*, 749 F.3d at 269 ("We are unaware . . . of any case in which a court has found a company's bare allegation of reputational harm to be a compelling interest sufficient to defeat the public's First Amendment right of access."); *Westminster Mgmt.*, 2018 WL 572867, at *4 ("The countervailing interests asserted by a party seeking to overcome the public's presumption of access must be specific and non-conclusory.").

It is plausible that the disclosure of some of the proposed redacted information might be unfairly commercially harmful to Defendant. However, Defendant's current proposed redactions are overbroad. They include redactions of statements made over twenty years ago (*see* Exhibit 49, ECF No. 53-29), and generic statements from internal corporate presentations that could not plausibly be useful to a competitor, such as "[d]riving the pace of optimization" and "[m]aximize the value delivered to Grace by our technology." (Exhibit 69, ECF No. 53-46.) Although Defendant's current proposed redactions are overbroad and inadequately supported, the Court notes that many of the redactions would likely be merited, if the Court were provided with the proper factual support. Accordingly, the Court will deny the motion but not order the documents unsealed immediately. Instead, the Court will grant Defendants time to resubmit proposed

6

redactions. To guide these redactions, the Court will share how it is inclined to rule on some of the categories of Defendant's proposed redactions:

### 1. Pricing information

As discussed above, Plaintiffs have provided a sufficient evidentiary basis to justify redacting their pricing and cost information. Likewise, the Court would likely allow Defendant to redact similar such information of its prices and costs. Additionally, although Plaintiffs object to redacting certain information related to the formulas Defendant uses to calculate some of its costs, (*see* ECF No. 52-1 at 2), the Court would be inclined to grant a motion to redact these pricing formulas if Defendant can show that publication of these formulas would be unfairly commercially harmful to it.

### 2. Technical product information

Many of the documents that Defendant seeks to seal contain detailed confidential technical information and (in the Aru Declaration) Mr. Aru's analysis of this information. A non-exhaustive list of examples of such information includes Exhibit 42, (ECF No. 53-22), Exhibit 43 (ECF No. 53-23), Exhibit 47 (ECF No. 53-27), and Exhibit 48 (ECF No. 53-28). It is plausible that the disclosure of much of this information could be unfairly harmful to Defendant. If Defendant provides evidence showing why disclosure of this information would be unfairly commercially harmful to it, then the Court is favorably inclined toward granting a motion to seal a narrowly tailored set of redacted statements related to technical product specifications.

### 3. Other information

Finally, there is a large set of proposed redactions that seem unlikely to be able to meet the high bar needed to overcome the public's presumptive right of access. The Court will not redact information simply because it was previously private or because its disclosure might be

embarrassing to Defendant. *See Pub. Citizen*, 749 F.3d at 269. A non-exhaustive list of the kinds of statements that the Court is disinclined to seal, in the absence of compelling evidence of the need for sealing, include:

- Documents containing business information from five or more years ago, in the absence of evidence that such information from the past would still be competitively harmful to Defendant. A non-exhaustive list of outdated documents that the Court is disinclined to seal include Exhibit 49 (ECF No. 53-29) and Exhibit 58 (ECF No. 53-38).

- Statements by Defendant's Counsel to Plaintiffs' Counsel concerning Defendant's Counsel's understanding of Defendant's products. (*See* Exhibit 12, ECF No. 53-4.)

- The identity of Defendant's customers, in the absence of evidence showing that the disclosure would be unfairly commercially harmful. (*See, e.g.*, Mem. Supp. Mot. Prelim. Inj., ECF No. 53 at 13.)

- Documents reflecting internal corporate communications that do not directly appear to divulge trade secrets or analogous information, but instead appear to reflect high-level business planning. (*See, e.g.*, Exhibit 15, ECF No. 53-7 at 2; Exhibit 45, ECF No. 53-25 at 7–8; Exhibit 68, ECF No. 53-45; Exhibit 69, ECF No. 53-46; Exhibit 70, ECF No. 53-47).

- Statements reflecting non-technical or high-level, minimally technical communications between Defendant and third parties. (*See, e.g.*, Exhibit 24, ECF No. 53-14; Exhibit 27, ECF No. 53-17; Exhibit 34, ECF No. 53-19 at 4–6; Exhibit 35, ECF No. 53-20 at 4.)

- Language from contracts between Defendant and third parties (*see, e.g.*, Exhibit 85, ECF No. 53-54), unless the redactions are narrowly tailored to trade secrets or other confidential information that would pose a significant risk of harm to Defendant, as shown by evidence.

8

### C. Conclusion

The Court has reviewed nearly 500 pages of proposed redactions and is mindful of the need to conserve judicial resources. Accordingly, the Court *strongly* encourages the parties to confer and submit a joint renewed motion to seal in line with the guidance expressed above. The motion should be narrowly tailored to redact only information *essential* to prevent unfair commercial harm, and should be accompanied by sufficient legal and evidentiary support for the redactions. Thus, the Court will DENY without prejudice the Joint Motion to Seal with respect to Defendant's proposed redactions and direct the parties to resubmit a narrowed Motion to Seal that is reflective of the discussion in this opinion.

### III. THE OTHER MOTIONS TO SEAL

The Court recognizes that it has issued several orders granting preliminary motions to seal the parties' briefs in this case. (*See* ECF Nos. 70, 71.) The Court further recognizes that the Confidentiality Order in this case, (ECF No. 30), directs the parties to file interim sealing motions for all papers filed with the Court. Additionally, no third parties have intervened to oppose these sealing motions. Recognizing the parties' need for safeguarding their confidential business information while the Court reviews proposed redactions, the Court will preliminarily GRANT the following motions to seal: 1) Defendant's Interim Motion to Seal (ECF No. 56); 2) Defendant's Interim Motion to Seal (ECF No. 58); and 3) Plaintiffs' Interim Sealing Motion. (ECF No. 63.)

Once the Court has approved both parties' redactions of the Motion for Preliminary Injunction (ECF No. 42) and the accompanying exhibits, the Court anticipates directing the parties to confer and jointly refile versions of all currently sealed documents in this case that can be made publicly viewable, along with narrow proposed redactions that are in line with the guidance the Court has shared above. A separate Order will issue.

DATED this 25 day of August, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge