IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| G. W. ARU, LLC, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. JKB-22-2636 |
| W. R. GRACE & CO.-CONN., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Two sealing motions in this case are currently ripe for disposition, Plaintiffs' Interim Sealing Motion (ECF No. 75), and Defendant's Renewed Motion to Seal (ECF No. 86). Both motions are unopposed and no member of the public has intervened after having sufficient time and opportunity to do so. *See* Local Rule 105.11. The deadline to oppose a third motion to seal, Plaintiffs' Interim Sealing Motion (ECF No. 92), has not yet passed but the Court may assess its propriety regardless of Defendant's position. (*See* ECF No. 45 at 1.)

For the reasons discussed below, Plaintiffs' ECF No. 75 Motion will be granted in part and denied without prejudice in part, Plaintiffs' ECF No. 92 Motion will be denied without prejudice, and Defendant's Motion will be granted. Additionally, the Court will amend the Confidentiality Order (ECF No. 30) to facilitate a more targeted approach to sealing documents.

### I. Legal Standard

The Court discussed the proper standard for reviewing motions to seal in its August 25 Memorandum. (*See* ECF No. 81 at 2–4.) To seal a document, the Court "must (1) give the public adequate notice of a request to seal and a reasonable opportunity to challenge it, (2) consider less drastic alternatives to sealing, and (3) . . . state the reasons, supported by specific findings, behind

its decision and the reasons for rejecting alternatives to sealing." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 376 (4th Cir. 2021). Further, Local Rule 105.11 provides that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Local Rule 105.11 (D. Md. 2023).

## II. Plaintiffs' Interim Sealing Motion (ECF No. 75)

Plaintiffs' Interim Sealing Motion asks the Court to seal 1) Plaintiffs' Memorandum in support of their Motion for Leave to File Second Amended Complaint ("the Memorandum") (ECF No. 74), and Exhibit C to that Memorandum ("Exhibit C"). (ECF No. 74-1.) Exhibit C appears to be a confidential internal presentation by Defendant concerning technical details of a new combustion promoter technology. (*Id.*)

The Court is satisfied that Exhibit C merits sealing, as it appears to contain confidential technical product specifications that are protected under the common law and even the stricter First Amendment standard. *See Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014). Thus, the Court will grant in part the Motion as it pertains to Exhibit C.

However, the Memorandum contains much material that does not warrant sealing, including legal argument and references to information that has already been made publicly available in the case through unsealed documents. The Court recognizes that it has previously granted interim motions to seal the parties' briefs in this case, acting in part pursuant to the Confidentiality Order (ECF No. 30). (*See* ECF Nos. 70, 71, 81 at 9.) However, as will be discussed further below, that Confidentiality Order will be amended to minimize unnecessary wholesale sealing of documents. Accordingly, the Court will deny the Motion as it pertains to sealing the

Memorandum without prejudice, and give Plaintiffs leave to refile the Motion in accordance with the procedure outlined below.

### III. Defendant's Renewed Motion to Seal (ECF No. 86)

On August 25, 2023, the Court denied in part the Joint Renewed Motion to Seal various documents relating to Plaintiffs' Motion for Preliminary Injunction and directed Defendant to confer with Plaintiffs and submit, jointly with Plaintiffs to the extent possible, a substantially narrowed set of proposed redactions to the documents. (ECF No. 82.) Pursuant to that Order, Defendant filed a Renewed Motion to Seal, which proposes a substantially narrower set of redactions.[1] (ECF No. 86.)

Upon reviewing Defendant's Motion, the Declaration of Daniel True in support of the Motion, and the proposed redactions (*id.*; ECF No. 87.), the Court is satisfied that the redactions are narrowly tailored to trade secrets and other information that would be unfairly commercial harmful to Defendant if disclosed. Thus, the Court will grant Defendant's Renewed Motion.

### IV. Plaintiffs' Interim Sealing Motion (ECF No. 92)

Plaintiffs' Interim Sealing Motion (ECF No. 92) asks the Court to seal their Memorandum in Support of their Motion to Compel and certain exhibits to the Motion to Seal. As with Plaintiffs' ECF No. 75 Motion, the documents Plaintiffs seek to seal appear to contain a mix of confidential business information that may legitimately merit sealing and information, such as legal arguments and discussions of non-confidential facts, that are plainly not subject to being sealed. The Court will no longer accept the parties' practice of sealing documents in this case as a matter of course. Accordingly, the Court will deny without prejudice this Motion. As with the ECF No. 75 Motion, Plaintiffs will be given leave to refile the Motion in accordance with the procedure outlined below.

---

[1] Counsel for Defendant state that they tried to confer with Plaintiffs and submit a joint request but were unable to do so in time. (ECF No. 86 at 2.)

3

## V. Modification to the Confidentiality Order

In its current form, Section 2 of the Confidentiality Order (ECF No. 30) contains the following provision relating to motions to seal:

> 2. Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L. R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L. R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality Order.

(ECF No. 30 at 6.) Experience in this case has shown that this provision has led to the parties submitting motions to seal the entirety of their legal briefs and many hundreds of pages of documents as a matter of course. This approach is not consistent with the stringent requirements for sealing articulated in the caselaw (*see* ECF No. 81 at 2–4), has led to disputes about sealing that are tangential to the core issues in this case, and is unduly burdensome on the parties and on the Court. Accordingly, the Court will vacate Section 2 of the Confidentiality Order.

Going forward, the Court expects the parties to meet and confer regarding the filing of documents that may contain confidential information. The parties now have a clear understanding of the kinds of information that the Court finds merit sealing, and the kinds of information that do not. The Court will rely on the professionalism of the attorneys to work in good faith, within the confines of the adversarial system, to propose narrowly tailored redactions that are neither overbroad nor calculated to expose an opposing party's trade secrets or similar information to competitors. If a party wishes to seek redactions of a document or documents that will be filed with the court, the party shall 1) file, under seal, a complete, unredacted version of the document

4

or documents to be redacted, 2) file a motion to seal the document or documents, and 3) file a redacted version of the document or documents that may be made publicly viewable on the docket. The redactions should be the product of agreement between the parties and must be consistent with the standards for sealing that the Court has articulated in this Memorandum and in the August 25 Memorandum (ECF No. 84).

## VI. Conclusion

For the reasons stated above, it is hereby ORDERED that:

1. Plaintiffs' Interim Sealing Motion (ECF No. 75) is GRANTED IN PART with respect to Exhibit C, and is DENIED IN PART WITHOUT PREJUDICE with respect to the Memorandum in support of Plaintiffs' Motion for Leave to File Second Amended Complaint. If Plaintiffs wish to seek further redactions, Plaintiffs SHALL FILE a renewed motion by no later than Tuesday, October 3, 2023 that complies with the above-described procedures.

2. Defendant's Renewed Motion to Seal (ECF No. 86) is GRANTED. The parties SHALL FILE the redacted version of the Memorandum in Support of Motion for Preliminary Injunction and accompanying brief and documents (ECF Nos. 42, 42.1–89) to be made publicly viewable on the docket by Tuesday, September 26.

3. Plaintiffs' Interim Sealing Motion (ECF No. 92) is DENIED WITHOUT PREJUDICE. If Plaintiffs wish to seek further redactions, Plaintiffs SHALL FILE a renewed motion by no later than Tuesday, October 3, 2023 that complies with the above-described procedures.

4. Section 2 of the Confidentiality Order (ECF No. 30) is VACATED. The parties are DIRECTED to comply with the above-described procedures.

DATED this 19 day of September, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge