IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| G. W. ARU, LLC, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. JKB-22-2636 |
| W. R. GRACE & CO.-CONN., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Currently pending before the Court is Plaintiffs' Motion to Compel, which asks the Court to require Defendant to produce certain documents that Plaintiffs allege have been improperly withheld by Defendant on attorney-client privilege grounds. (ECF No. 90.) This Motion will be denied without prejudice.

Local Rule 104.8 governs the procedure regarding motions to compel in this District. If a party is dissatisfied with an opposing party's response to a discovery request, the party may serve on the opposing party a motion to compel. Local Rule 104.8(a) (D. Md. 2023). The opposing party must serve a response within 14 days, and the moving party shall serve any reply memorandum within 14 days thereafter. *Id.* The Rule expressly states that these papers should not be filed with the Court. *Id.* After "all of the documents relating to the motion to compel" have been served, the parties must hold a discovery conference under Rule 104.7. *Id.* 104.8(b). "Only *after* this exchange may the requesting party file the papers with the Court, and only if the dispute still remains despite the parties' sincere efforts to resolve it." *Maxtena v. Marks*, 289 F.R.D. 427, 436 (D. Md. 2012) (emphasis in original) (quoting *Anderson v. Reliance Standard Life Ins. Co.*, No. WDQ-11-1188, 2011 WL 4828891, at *2 (D. Md. Oct. 11, 2011)). Full compliance with the

Local Rules is important because it "encourage[es] parties to narrow their disputes prior to seeking judicial intervention." *Id.*

Here, Plaintiffs state that they have conferred with opposing counsel several times before filing the instant Motion to Compel. (ECF No. 90 at 2; ECF No. 90-1.) However, Plaintiffs have provided no evidence that the parties conferred *after* the serving of the Motion, let alone that they conferred after the service of any response and reply. (*Id.*) Thus, the Motion to Compel is not compliant with the Local Rules and should not have been filed with the Court at this time. *See Nam v. 365 Days, Inc.*, Civ. No. RWT–13–546, 2015 WL 6528141, at *3 (D. Md. Oct. 27, 2015) ("Plaintiff did not comply with L.R. 104.8 when he filed the Motion directly with the Court."). Furthermore, Plaintiffs have not shown good cause for waiving the requirements of the Rule. *See* Local Rule 604 (D. Md. 2023) (providing that the Court may waive any provision of the Local Rules for good cause). The Court expects counsel for the parties to comply fully with the Local Rules and to narrow, if not resolve, discovery disputes without the Court's intervention. If the parties are still unable to resolve their discovery disputes after complying with the process set forth in Local Rules 104.7 and 104.8, Plaintiffs may refile their Motion.

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' Motion to Compel, ECF No. 90, is DENIED WITHOUT PREJUDICE.

DATED this 19 day of September, 2023.

BY THE COURT:

James K. Bredar
Chief Judge