## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| G. W. ARU, LLC, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. JKB-22-2636 |
| W. R. GRACE & CO.-CONN., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant W. R. Grace & Co.-Conn. ("Grace")'s Motion for Leave to Take Deposition Outside of Fact Discovery Period. (ECF No. 152.)[1]  The motion is fully briefed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023).  The Motion will be denied.

### I.     Background

In this action, Plaintiffs G. W. Aru, LLC and Cochise Technology, LLC (collectively, "GWA") have sued Grace for patent infringement and false advertising relating to carbon monoxide (CO)-to-carbon dioxide (CO2) combustion promoters, which are products used in petroleum refining.

Fact discovery in the case closed on April 15, 2024.  (ECF No. 148 at 3.)  Grace asks for leave to extend fact discovery to depose a third party, Equilibrium Catalyst, Inc. ("ECI"), a

---

[1] The parties' briefs contain references to trade secrets and other confidential business information, and accordingly each party has submitted redacted, publicly viewable versions of the briefing, along with sealed, unredacted versions.  In this Memorandum and Order, the Court will cite to the public version of the relevant briefing, unless the Court is discussing sealed information, in which case the Court will cite to the sealed version of the briefing.  This Memorandum and Order will also contain redactions when discussing confidential business information or trade secrets; an unredacted version of this Memorandum and Order will be docketed under seal.

corporation based in Houston, Texas. (ECF No. 152-6 at 4.) Grace argues that it learned from

March 2024 depositions that 

██████████████████. (ECF No. 151-1 at 4–5.) Grace argues that "it is highly likely that ECI

has relevant information regarding ████████████████████████████

████████████████." (*Id.* at 5.) Additionally, Grace states that "███████████████████

████████████████████████████████████████████████

█████████████████████████████████." (*Id.*)

Grace served a notice of subpoena on ECI on March 25, 2024. (ECF No. 152 at 5.) On

April 12, 2024, Judge Rosenthal of the U.S. District Court for the Southern District of Texas

granted ECI's motion to quash the subpoena, on the grounds that it was overbroad. (*Id.*) The

instant Motion followed.

## II.     Legal Standard

Once the Court has entered a scheduling order, that order may only be modified for good

cause. Fed. R. Civ. P. 16(b)(4). The party seeking to modify the scheduling order bears the burden

of establishing good cause. *Kantsevoy v. LumenR LLC*, 301 F. Supp. 3d 577, 588 (D. Md. 2018).

In determining whether good cause exists, courts consider (1) "whether the moving party acted in

good faith," (2) "the length of the delay and its effects," and (3) "whether the delay will prejudice

the non-moving party." *Neal v. United States*, 599 F. Supp. 3d 270, 300 (D. Md. 2022) (quotation

omitted). The "touchstone" of the good cause inquiry is diligence; "only diligent efforts to comply

with the scheduling order can satisfy Rule 16's good cause standard." *Faulconer v. Centra Health,

Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020) (quotation omitted). If a party is not diligent in seeking

to amend the scheduling order, then under Rule 16(b) "the inquiry should end." *G. W. Aru, LLC*

*v. W. R. Grace & Co.-Conn.*, 344 F.R.D. 446, 451 (D. Md. 2023) (quoting *Rassoul v. Maximus*, 209 F.R.D. 372, 374 (D. Md. 2002)).

## III.    Analysis

Defendant has failed to show good cause for modifying the scheduling order. It is undisputed that Grace has known that ECI ███████████████ since May 2019, and that ECI ██████████████████████████████ since January 2020. (ECF No. 163-1 at 8; ECF No. 166-1 at 5.) If Grace wanted to learn more about ███████████████████, it had ample opportunity to seek more information on the topic within the last several years, instead of waiting for the final days of the fact discovery period to first serve a subpoena on ECI.

Grace contends that further discovery is nevertheless warranted because it only learned that ██████████████████████████████████ in late March 2024, and that it has responded diligently since that point. (ECF No. 166-1 at 4–5.) However, the mere fact of ███████████████████████████████████████ does not, on its own, justify reopening discovery. Fact discovery was originally scheduled to close on January 9, 2024 (*see* ECF No. 24 at 2) and has already been extended three times (*see* ECF Nos. 112, 120, 148). The Court will not extend the fact discovery period any further on the mere possibility that another entity could have relevant information pertaining to this litigation.

Finally, the Court observes that Grace's prior attempt to subpoena ECI spawned litigation over the scope of that subpoena in the Southern District of Texas. Grace promises that, were its Motion granted, it would substantially narrow the scope of the proposed subpoena to ECI. (ECF No. 152 at 6–7; ECF No. 152-8.) However, the Court has no way of knowing whether ECI would oppose this renewed subpoena. There is therefore a real risk of a second round of litigation in Texas challenging the renewed subpoena if the Court were to grant Grace's motion. Such ancillary

litigation would be all but certain to lead to further delays and expenses, which would be prejudicial to GWA and would impose unnecessary burdens on the judiciary, both in the District of Maryland and in the Southern District of Texas.

## IV.    Conclusion

For the foregoing reasons, it is ORDERED that Grace's Motion for Leave to Take Deposition Outside of Fact Discovery Period (ECF No. 152) is DENIED.

DATED this _29_ day of May, 2024.

BY THE COURT:

_James K. Bredar_
James K. Bredar
United States District Judge