IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| G. W. ARU, LLC, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. JKB-22-2636 |
| W. R. GRACE & CO.-CONN., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

The Parties in this case have filed cross-motions for summary judgment. (ECF Nos. 180, 189.) The substance of those cross-motions will be addressed at a later date. Today's Memorandum addresses the Parties' disputes over what information in the briefs and exhibits relating to the cross-motions should be sealed.

This is not the first time that disputes over sealing have come before the Court in this case. (*See, e.g.*, ECF No. 81.) Because this case involves issues of trade secrets and other confidential business information, the Parties have routinely conferred over issues relating to sealing during the two years since this case was filed. The Court expects lawyers of the caliber present in this case to be capable of resolving issues pertaining to sealing without needing recourse to the Court. And, for most of the history of this case, the Parties have met this expectation and have submitted joint or unopposed motions to seal, which the Court has usually (but not always) approved. Unfortunately, the Parties were unable to come to a complete agreement on the information in the filings related to the cross-motions that should be sealed, and they have filed opposed motions to seal with respect to each round of briefing on the cross-motions. (ECF Nos. 182, 190, 195, 202.)

The first three motions are fully briefed; the briefing period with respect to the fourth motion has not yet expired.

With respect to each of the opposed motions to seal, the parties conferred in advance and were able to agree that certain categories of information should be redacted. However, in all four motions, Defendant, W.R. Grace & Co.-Conn. ("Grace"), seeks additional redactions that Plaintiffs, G.W. Aru, LLC and Cochise Technology, LLC (collectively, "GWA"), do not believe are warranted.

For the following reasons, the Court will grant in part and deny in part the first Motion to Seal (ECF No. 182), and explain its reasoning in detail. This first Motion to Seal relates to Plaintiffs' Motion for Partial Summary Judgment (the "MPSJ") (ECF No. 180) and supporting documents. The other pending Motions to Seal will be denied without prejudice, and the Parties will be directed to confer and submit stipulated proposed redactions in line with today's ruling.

# I. Legal Standard

The First Amendment right of public access to the courts attaches to documents relating to a motion for summary judgment. *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014). The Court has also concluded that this First Amendment right attaches to documents relating to a preliminary injunction motion. *G. W. Aru LLC v. W. R. Grace & Co.-Conn.*, Civ. No. JKB-22-02626, 2023 WL 5512226, at *2 (D. Md. Aug. 25, 2023). The Court may seal a document under this standard only if: 1) sealing serves a compelling interest; (2) there is a substantial probability that this compelling interest would be harmed if the document were not sealed; and (3) no alternative measure to sealing would adequately protect that compelling interest. *Gonzalez v. Cuccinelli*, 985 F.3d 357, 377 (4th Cir. 2021). As relevant here, a company's interest in protecting

confidential information and trade secrets "may justify partial sealing of court records" under this standard. *Pub. Citizen*, 749 F.3d at 269.

There are procedural prerequisites to sealing that must be met as well. The Court "must (1) give the public adequate notice of a request to seal and a reasonable opportunity to challenge it, (2) consider less drastic alternatives to sealing, and (3) . . . state the reasons, supported by specific findings, behind its decision and the reasons for rejecting alternatives to sealing." *Gonzalez*, 985 F.3d at 376. Further, the Local Rules require that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Local Rule 105.11 (D. Md. 2023).

## II.  Stipulated Redactions

To begin, the Court finds that the Parties have collectively met their burden of showing that it is appropriate to seal the redactions with respect to which the Parties agree. (ECF No. 182 at 3–5.) The Court has reviewed the stipulated redactions and concludes that the information in those redactions is likely to constitute trade secrets or other confidential business information. The Parties have a compelling interest in keeping such information private, because the disclosure of such information could cause substantial competitive harm in the marketplace. (*See* ECF No. 182 at 5; ECF No. 190 at 3; ECF No. 195 at 3–4.) And, no less restrictive alternatives are available, because these redactions are narrowly tailored to concealing only the information necessary to protect the confidential business information. (*See generally* ECF No. 181 (showing the proposed redactions highlighted in green.) The proposed redactions are modest, and do not substantially impair the public's ability to evaluate the Parties' positions and the Court's rulings. For these

3

reasons, the Court will grant Plaintiffs' Motion to Seal (ECF No. 182) with respect to the agreed-upon redactions.

### III. Defendant's Proposed Redactions

Defendant requests that the Court redact several additional types of information beyond those redactions to which the Parties have stipulated. Plaintiffs oppose the redaction of any of this information. The Parties agree that this information can be broken down into the following categories:

- First, information pertaining to technical specifications of Grace's CP® P and Optimized CP® P products. (ECF Nos. 182 at 6–7, 187 at 3.)
- Second, Regenerator Test Unit ("RTU") data and related information. (ECF Nos. 182 at 7–8, 187 at 4.)
- Third, information relating to a trial of Grace products conducted at a Valero facility in California from November 2020 to January 2021. (ECF Nos. 182 at 8–9, 187 at 5.)
- Fourth, a miscellaneous category of information that includes internal corporate communications and technical information. (ECF Nos. 182 at 9, 187 at 5.)

The Court will address each of these categories in turn.

#### A. *Information Pertaining to Technical Specifications of Grace Combustion Promoter Products*

Defendant requests the Court approve its proposed redactions pertaining to technical specifications of certain of its combustion promoter products. Ordinarily, this request would be granted with little difficulty. The information is the kind of highly technical, confidential business information that the Court has previously sealed in this case. Indeed, the Court approved a joint request to redact some of the exact same information from the transcript of the Court's Preliminary

4

Injunction Hearing on December 19, 2023. (*See* ECF No. 130.) That order approving the sealing request was issued on February 21, 2024. (*Id.*)

There is a complication, however. On March 11, 2024, the Court reporter docketed a transcript of the Preliminary Injunction Hearing. (ECF No. 141.) This entry was originally docketed with a "restricted" status, meaning it was not publicly viewable. The text accompanying this entry on the electronic docket states that requests for redactions were due by April 1, 2024, and that the "Release of Transcript Restriction set for 6/10/2024." (*Id.*) Although it is not entirely clear what happened, it appears that the transcript was "unrestricted," and thus publicly viewable, from approximately June 10, 2024, until August 14, 2024. On that latter date, the court reporter evidently reimposed restrictions on the transcript and docketed an unrestricted, redacted version of the document. (*See* ECF No. 183.)

A party seeking to seal information that was previously publicly available on the Court's docket "faces an uphill battle," *Danzy v. Coloplast Corp.*, Civ. No. 19-1017, 2022 WL 1591968, at *5 (M.D.N.C. May 19, 2022), on the theory that "[o]nce announced to the world, the information lost its secret characteristic," *id.* (alteration in original) (quoting *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 579 (4th Cir. 2004)). Plaintiffs argue that the Court should not approve the sealing of this category of information, because much of it overlaps with information that was publicly viewable in the unrestricted transcript. But here, the Court had approved the redactions at issue, and a publicly viewable version was available on the Court's docket only because of what appears to have been a miscommunication between the Court, the Parties, and the court reporter. Moreover, although it is concededly *possible* that a competitor of Grace accessed the unrestricted transcript during the two-month period, there is no evidence that such access occurred or that the information in the transcript became publicly disseminated. Perhaps Grace could have been more

5

diligent in monitoring the docket. That said, in this unusual and frankly confusing circumstance, the Court declines to punish Grace for its reliance on the Court's order permitting the sealing of the transcript. Thus, the Motion to Seal will be granted with respect to the technical specifications of Grace combustion promoter products, notwithstanding the fact that that some of this information may have been temporarily publicly viewable in the Preliminary Injunction transcript.

### B. *RTU Data and Associated Information*

Plaintiffs oppose sealing of RTU data and other information because (1) it is over a decade old, (2) Defendant shared the information "with at least six customers," and (3) Defendant publicized the information on their website and in a trade magazine. (ECF No. 182 at 7–8.)

As the Court has previously stated, it is "disinclined" to seal records containing information dating from more than five years ago, unless a party shows that the disclosure of "such information from the past would still be competitively harmful." (ECF No. 81 at 8.) Here, the RTU data is over ten years, old; however, Defendant states that the information "pertains to the underlying technical analysis that resulted in Grace's *current* commercial product." (ECF No. 187 at 4 (emphasis in original).) Defendant did not respond to Plaintiffs' assertion that it shared the information with multiple customers, nor did it rebut Plaintiffs' contention that the information was disclosed on its website and in a trade magazine.

Defendant, as the party seeking to seal this information, bears the burden of showing why its interest in confidentiality overrides the public's right of access to the courts. *See Sky Angel U.S., LLC v. Discovery Comms., LLC*, 95 F. Supp. 3d 860, 885 (D. Md. 2015). Defendant does not provide any evidence besides its counsel's bare assertions in briefing, and even then, the assertions respond only to one of three credible arguments against sealing. In these circumstances,
6

the Court finds that Defendant has failed to meet its burden. Accordingly, the Court will order the Parties to file the MPSJ and accompanying documents without this category of redactions applied.

### C. *Information Relating to the Valero Trial*

The third category is information relating to a trial of Grace products at a Valero facility. According to Defendant, "[t]he documents in this category include Plaintiffs' MPSJ Memorandum (at page 8) [ECF No. 181-1 at 16], Exhibit 14 (at pages 42–43) [ECF No.181-10 at 8], Exhibit 36 (at page 20) [ECF No. 181-14 at 22], Exhibit 50 (at page 4) [ECF No. 181-20 at 5], and Exhibit 59 (at GRACE_0397791–93) [ECF No. 181-26 at 3–5]." (ECF No. 187 at 5.) Plaintiffs contend that this information is already public. (ECF No.182 at 8 (citing ECF Nos. 100 at 16, 100-15 to 100-17, 100-23, and 128-3 at Slide 47).) And, Plaintiffs contend that "Grace has agreed that the trial notes as attached in their entirety as part of Appendix B to the Ventham Expert Report [ECF No. 180-38 at 44–49] can be publicly filed without redaction." (*Id.* at 9.) Defendant responds that Plaintiffs' "request to permit all of the trial notes underlying the Wilmington Trial data to enter the public domain is overly broad, as the Court has previously considered and granted Grace's request to seal its narrowly tailored set of redactions." (ECF No. 187 (citing ECF No. 97).)

The Court will permit the redacting of this category of information. This category covers partial redactions of fewer than ten pages, out of over 1,500 pages of Plaintiffs' MPSJ and accompanying documents. The Court recognizes Plaintiffs' argument that similar or related information may be publicly viewable, and that some of the raw data underlying this technical information may be publicly viewable. But the possibility that a sufficiently motivated and technically skilled individual *might* be able to piece together the details of the Valero trial from publicly available information does not, on its own, mean that otherwise confidential business information need be released to Defendant's potential competitors.


D. *Miscellaneous Information*

Finally, the Court turns to a miscellaneous category of information. Plaintiffs refer to this information as "internal corporate communications and non-confidential Grace business information." (ECF No. 182 at 9.) The information is listed the following table, which is taken from Defendant's Opposition brief (ECF 187 at 5):

| Document | Grace's characterization |
| --- | --- |
| Plaintiffs' MPSJ Memorandum (at page 5) [ECF No. 181-1 at 13] | Trial information pertaining to Grace's commercial combustion promoter |
| Exhibit 3 (at page 89) [ECF No. 181-4 at 6] | Grace financial information pertaining to Grace's commercial combustion promoter products |
| Exhibit 7 (at pages 64-65) [ECF No. 181-5 at 18–19] | Grace research and development efforts pertaining to its commercial combustion promoter products and third-party product information |
| Exhibit 9 (at page 120) [ECF No. 181-7 at 7] | Grace sales information of its commercial combustion promoter product |
| Exhibit 11 (at page 46) [ECF No. 181-8 at 6] | Grace research analysis of its commercial combustion promoter products |
| Exhibit 12 (at page 19) [ECF No. 181-9 at 5] | Information pertaining to a joint venture between Grace and a third-party |
| Exhibit 46 (at GRACE_0448917 and GRACE_0448920) [ECF No. 181-19 at 4, 7] | Grace manufacturing capacity relating to its commercial combustion promoter product |
| Exhibit 56 (at GRACE_0101376) [ECF No. 181-24 at 3] | Trial information pertaining to Grace's commercial combustion promoter |

The Court will grant all requested redactions, with the exception of the short passage on page 19 of Exhibit 12 to Plaintiffs' MPSJ Memorandum (ECF No. 181-9 at 5), which simply states the identity of the company with which Grace had entered into a joint venture. As a general matter, the closer information is to trade secrets, the more inclined the Court is to approve its sealing. But, as the Court has previously explained, the mere fact that business information was previously private, or even that disclosure of such information might be embarrassing, is insufficient to warrant sealing. (*See* ECF No. 81 at 6 (citing *Pub. Citizen*, 749 F.3d at 269).) In the context of

8

this case, the Court has been more inclined to permit the sealing of technical information relating to manufacturing and product specifications, as well as pricing and other financial information, but has been less willing to seal more generic business information—in the absence of specific evidence showing that a party would suffer unfair competitive harm were that information to be disclosed. (*See* ECF No. 81.) Here, Defendant has not explained how it would be harmed if the identity of the company with which it had a joint venture were revealed. Accordingly, it has failed to meet its burden of showing that sealing of that item of information is appropriate. As to the other information in this miscellaneous category, it is all in the nature of technical information or financial information that the Court has found warrants sealing in the past. These proposed redactions will therefore be approved.

## IV. Conclusion

This is now the fourth time that the Court has discussed the standards for sealing documents in this case. (*See* May 18, 2023, Memorandum and Order (ECF No. 45); August 25, 2023, Memorandum (ECF No. 81); September 19, 2023, Memorandum and Order (ECF No. 97).) It is the expectation of the Court that there will be no need for a fifth.

By now, the Parties have a granular understanding of the Court's position on matters pertaining to sealing. The Court expects that the highly capable and experienced attorneys on both sides of this lawsuit will be able to resolve sealing issues with respect to the remaining Motions to Seal without the need for further adversarial proceedings. In a complex case such as this, with a record stretching into many thousands of pages, the Court relies on the professionalism and good faith of counsel to aid in its determination of what information should be protected. The Court does not expect the parties to use sealing motions to hide corporate information just for the sake of keeping it private. By the same token, the Court will not countenance parties who flyspeck

every last one of an opponent's proposed redactions, for no discernible reason beyond a desire to score ultimately meaningless tactical victories and to drive up the cost of this action. The Court is confident that counsel can find a more productive use for their legal training than exhaustively litigating ancillary topics that have essentially no bearing on the ultimate disposition of the case.

Taking these considerations into account, the Court will institute the following procedure:

First, the Court will grant in part and deny in part Plaintiffs' Opposed Motion to Seal (ECF No. 182), as described above.

Second, the Court will deny, without prejudice, the remaining Motions to Seal (ECF Nos. 190, 195, 202.) However, the Court will permit the information currently sealed on the Court's docket to remain sealed for the time being.

Third, the Court will direct the parties to confer in good faith and submit a new round of proposed redactions with respect to the documents at issue in the remaining Motions to Seal (ECF Nos. 190, 195, 202.) This submission must take the form of a jointly filed Motion to Seal. To expedite the process and promote judicial economy, the anticipated Joint Motion to Seal will be considered ripe upon its filing, with no need for any additional briefing. This Joint Motion to Seal must also submit proposed narrow redacted versions of the Motions to Seal themselves, which were improperly filed completely under seal.

A separate order will issue.

DATED this 28 day of October, 2024.

BY THE COURT:

James K. Bredar
United States District Judge