IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| G. W. ARU, LLC, *et al.*, | * |
| Plaintiffs, | * |
| v. | *     Civ. No. JKB-22-2636 |
| W. R. GRACE & CO.-CONN., | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER**

In the course of preparing for the upcoming bench trial in this case, the Court has considered ways to simplify and streamline the proceeding. More particularly, the Court is contemplating whether to bifurcate the trial into two phases, with the first phase focused on liability and the second focused on remedies. The advantages of bifurcation are twofold: for one, it will focus the inquiry by considering the analytically distinct issues of liability and remedies separately; for another, it may enhance judicial economy. These phases would occur one right after the other, so the Court still anticipates completing the trial on all triable issues on or before June 13, 2025.

With these considerations in mind, the Court advises the parties that it is preliminarily inclined to structure the trial by sequencing the phases in the following manner:

During Phase I of the trial, the Court will hear argument and presentation of evidence from both parties regarding (1) Grace's liability *vel non* for patent infringement, and (2) Grace's liability *vel non* (with the exception of the damages element) for false advertising under the Lanham Act.[1]

---

[1] The Court understands that damages is an essential element that GWA must prove to establish liability for false advertising under the Lanham Act. (See ECF No. 270 at 23 (citing *Verisign, Inc. v. XYZ.COM LLC*, 848 F.3d 292, 300–01 (4th Cir. 2017).) So, strictly speaking, referring to Phase I as the "liability phase" is not entirely accurate. When it comes to GWA's Lanham Act claim, Phase II would really encompass two, interrelated inquiries: (1) the final element of liability (damages) and (2) the appropriate remedy, if any.

At the conclusion of Phase I, the Court may make findings and conclusions relevant to liability. The Court may also decide to hold any final determination in abeyance until after Phase II. Depending on the Court's findings and conclusions (if any) at the conclusion of Phase I, the Court may move on to Phase II with respect to one or both of the claims.

If the Court determines that it is appropriate to move on to Phase II, Phase II would occur immediately after the conclusion of Phase I. During Phase II, the Court would try the issues of willfulness and remedies as they relate to patent infringement, and the issues of damages and remedies as they relate to false advertising.

The Court again emphasizes that the schedule for trial remains unchanged and that, regardless of whether and how it is bifurcated, trial will still begin on May 27, 2025, and conclude on or before June 13.

Counsel shall, at the May 16 Pretrial Conference, be prepared to discuss this plan.

DATED this 2nd day of May, 2025.

BY THE COURT:

/s/ JAMES K. BREDAR
James K. Bredar
United States District Judge

---

Further, the Court recognizes that some evidence relevant to the materiality element may also be relevant to damages. During Phase II, the parties may incorporate by reference any relevant evidence introduced during Phase I.

With respect to patent infringement, things are much simpler. District courts may—and often do—bifurcate the questions of willfulness and damages from the question of liability. *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1319–20 (Fed. Cir. 2013).